**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-7613**

———————

WINSTON WILKINS,

                                        Petitioner - Appellant,

        versus

THEODIS BECK,

                                        Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CA-99-496-5-O)

———————

Submitted: January 17, 2002          Decided: January 29, 2002

———————

Before WILKINS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Winston Wilkins, Appellant Pro Se. Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Winston Wilkins seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition. We dismiss the appeal for lack of jurisdiction because Appellant's notice was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on February 14, 2000. Appellant's notice of appeal was filed on July 16, 2001.[*] Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED